# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | |
|---|---|
| ELIZABETH ZAMORA,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN ELECTRIC POWER SERVICES CORPORATION, and AEP TEXAS, INC.,<br><br>        Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

### INTRODUCTION

1. COMES NOW Plaintiff ELIZABETH ZAMORA (hereinafter referred to as "Plaintiff") and files this her Original Petition against AMERICAN ELECTRIC POWER SERVICES CORPORATION and AEP TEXAS INC., and alleges as follows.

### PARTIES

2. Elizabeth Zamora is a resident of Hidalgo County, Texas. Plaintiff is, and at all times mentioned was, the owner of a home in Edinburg, Hidalgo County, Texas, at 2002 N. Ruby St, Edinburg, Texas 78541. At all times mentioned Plaintiff maintained, and continues to maintain, her home at this address.

3. Defendant American Electric Power Services Corporation is a corporation with its principal place of business in Columbus, Ohio, and may be served with process by serving its registered agent, **CT Corporation, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**, or any other location where it may be found.

4. Defendant AEP TEXAS, INC. is a corporation with its principal place of business in Columbus, Ohio, and may be served with process by serving its registered agent, **CT Corporation, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**, or any other location where it

may be found.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the complete diversity of citizenship between the parties and because the amount of controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over the defendants pursuant to 31 U.S.C. § 3732(a), which provides that "[a]ny action under section 3730 may be brought in any judicial district in which the defendant, or in the case of multiple defendants, any one defendant can be found, resides, transacts business or in which any act proscribed by section 3729 occurred." Section 3732(a) also authorizes nationwide service of process. During the relevant period, Defendants resided and/or transacted business in the Southern District of Texas and many of the violations of 31 U.S.C. § 3729 described herein occurred within this judicial district.

7. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) because the Defendants can be found in, reside in, and/or transact business in the Southern District of Texas and because many of the violations of 31 U.S.C. § 3729 described herein occurred within this judicial district.

## FACTS

8. The Plaintiff owns a home at 2002 N. Ruby St., Edinburg, Texas 78541. Defendants American Electric Power Services Corporation and AEP Texas Inc. (collectively, "Defendants") owned, maintained and operated utility equipment on Plaintiff's property, including a large utility pole.

9. On or about July 25, 2020, a windstorm event affected the area of Plaintiff's home. Due to Defendants' failure to inspect and maintain its utility equipment with due diligence and ordinary prudence and care, Defendants' large utility pole fell and struck Plaintiff's home causing major structural damage to Plaintiff's home.

10. Subsequently, when Defendants came to retrieve their utility pole, their large

trucks caused additional damage to Plaitniff's driveway, foundation, landscaping, and other property.

## CAUSES OF ACTION

### Negligence

11. Defendants are required to exercise the diligence of an ordinary prudent person when discharging their duty to inspect their utility equipment. Defendants failed to do so, and consequently, one of its large utility poles fell during a windstorm, causing Plaintiff property damages to her home.

12. Further, when Defendants went to retrieve their utility pole, they owed Plaintiffs a duty to do so in a manner that did not cause additional damage to Plaintiff's property. Defendants failed to do that by sending large vehicles onto Plaintiff's property in a manner that was unsafe and inappropriate given the conditions at Plaintiff's property, causing additional property damages to Plaintiff's home and property.

13. As a proximate result of defendant's negligence, Plaintiffs' home and its foundation and surrounding support suffered damages. To restore her home to the condition it was in before the incident and Defendants' negligence, Plaintiff must expend significant sums for restoration.

14. In additional, as a proximate result of defendant's negligence, Plaintiff has suffered mental anguish and emotional distress and continues to suffer.

15. In addition, as a proximate result of defendant's negligence, Plaintiff incurred economic losses including living expenses, lost wages, and other out of pocket costs.

## PRAYER

16. WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including  property damages, declaratory judgment, actual attorney's fees, cost of suit, pre-judgment and post-judgment

interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

## JURY DEMAND

17. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, *qui tam* plaintiff and relator hereby demands trial by jury.

Dated: July 25, 2022

        Respectfully submitted,

        */s/ Omar Ochoa*
        Omar Ochoa
        S.D. Tex. Bar No. 2081960
        OMAR OCHOA LAW FIRM PC
        121 N. 10th Street
        McAllen, Texas 78543
        Telephone: (956) 630-3266

        Victor Rodriguez
        S.D. Tex. Bar No. 562260
        VICTOR RODRIGUEZ LAW FIRM PC
        121 N. 10th Street
        McAllen, Texas 78543
        Telephone: (956) 630-3266

        *Attorneys for Plaintiff Elizabeth Zamora*